**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUDSON FURNITURE, INC.<br><br>                         Plaintiff,<br><br>             v.<br><br>MUMESAN AYDINLATMA DEK. SAN. TIC.<br>LTD. STI.<br><br>                    Defendant. | Civil Action No. 23-6715<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Hudson Furniture, Inc. ("Plaintiff" or "Hudson"), for its Complaint against Defendant Mumesan Aydinlatma Dek. San. Tic. Ltd. Sti. ("Defendant" or "Mumesan") for patent infringement, breach of contract, unfair competition, and related claims alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action for patent infringement Hudson's design patents in violation of 35 U.S.C. §§ 271, 281-285, and 289, trade dress infringement in violation of 15 U.S.C. § 1125 of the Lanham Act, unlawful and deceptive acts and practices under N.Y. Gen. Bus. Law §349, unfair competition, and breach of contract. A true and correct copy of the breached contract is attached hereto as Exhibit A.

2.    The Patents-in-Suit are United States Design Patents D693,160 (the "'160 Patent"), D697,251 (the "'251 Patent"), D918,458 (the "'458.1 Patent"), and D690,458 (the "'458.2 Patent") (collectively, the "Patents-in-Suit"). A true and correct copy of the Design Patents-in-Suit are attached hereto as Exhibits B-E, respectively.

3.    Plaintiff seeks permanent injunctive relief, actual damages, recapture of profits, reasonable attorney's fees and costs and such further relief as this Court deems just and proper.

## THE PARTIES

4.      Hudson Furniture, Inc. is a New York corporation, having an address at 90 Broad Street, 10th Floor, New York, NY 10004.

5.      Hudson also has a design showroom in New York, located at 90 Broad Street, New York, NY 10004.

6.      On information and belief, Mumesan Aydinlatma Dek. San. Tic. Ltd. Sti. is a Limited Şirket, registered under the laws of the Nation of Turkey, having an address at Selahaddin Eyyubi Mah, Uğur Mumcu Cad, No:33/41 - Reba Soylu İş Merkezi, 34000 Esenyurt/İstanbul, Turkey.

7.      Mumesan has sold Hudson products that were shipped to its New York, NY address.

8.      Mumesan has provided these products pursuant to the parties' agreement attached hereto as Exhibit A.

9.      On information and belief, Mumesan generally conducts business in New York, NY, including by distribution and sales of furniture and lighting fixtures into New York, NY.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), (b); and 15 U.S.C. §1116. This Court has jurisdiction over Plaintiff's claims for breach of contract and unlawful and deceptive acts and practices under the laws of the State of New York pursuant to 28 U.S.C. §1367.

11.     There is complete diversity of citizenship between Plaintiff and Defendant in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

12.    This Court has personal jurisdiction over Defendant because Mumesan conducts business in New York and in this District, and/or purposely target and/or direct its activities at the State of New York and this District. This Court also has personal jurisdiction over Defendant as Defendant has unconditionally consented to the exclusive jurisdiction of the courts located in New York City for any dispute arising out of the breached contract-at-issue, attached hereto as Exhibit A.

13.    Venue in this district is proper under 28 U.S.C. § 1391(b), (c) because the Defendant conducts business in New York and in this District, substantial events giving rise to the claims took place in this District, and there is no other district in which an action may otherwise be brought. Venue in this district is also proper as Defendant has agreed to this venue in its contractual agreement, attached hereto as Exhibit A.

## FACTUAL BACKGROUND

14.    Hudson is a leading retailer, designer, and wholesaler of furniture and lighting products for approximately 19 years. Hudson specializes in sculptural furniture and lighting designs that are known to be dramatic, dynamic works made of nickel and bronze that are meant to be heirloom pieces. Due to the unique nature of the works, Hudson's designs are recognized and appreciated as Hudson pieces.

15.    Mumesan is experienced in manufacturing and fabricating, with a specialization in bronze, brass, stainless steel, and aluminum casting.

16.    Hudson and Mumesan entered into an agreement, attached hereto as Exhibit A, on August 20, 2015 where Mumesan agreed to exclusively manufacture certain products of Hudson, contingent on certain terms and conditions as provided therein, including that Mumesan would only manufacture at the quality described in the agreement, only for Hudson, and only in the quantity ordered by Hudson.

17.    Despite the restrictions in this agreement that prevent Mumesan from manufacturing Hudson's designs for anyone else, Mumesan has showcased, offered for sale, imported, and sold products which are identical, substantially identical, and/or incorporate Hudson's identifiable designs.

18.    Upon information and belief, Mumesan's imports, sales, and offers for sale are into and/or directed to the United States.

19.    Hudson has identified at least the following Hudson Designs that have been used by or mimicked by Mumesan:

(a)    Aurora



(b)    Pangea



(c)   Pangea Sconce



(d)   Britannica Horizontal



(e)   Britannica Vertical



(f)    Britannica Oval



(g)    Britannica Sconce



(h)    Chanceux Oval



(i)    Chanceux Vertical



20.    Hudson has obtained at least 36 patents to protect its designs. Of relevance, the '160, '251, '458.1, and '458.2 Patents (collectively, "the Patents-in-Suit"), attached hereto as Exhibits B-E, respectively. The Patents-in-Suit are invented by Barlas Baylar, principal of Hudson. Hudson is the owner of all right, title, and interest in the Patents-in-Suit, and, as such, has the right to due and recover for past, present, and future infringement of any of the Patents-in-Suit. Each of the Patents-in-Suit are valid and subsisting and were valid and subsisting at all times affecting the matters complained herein.

21.     The United States Patent and Trademark Office ("USPTO") duly and legally issued the '160 Patent, entitled "Table Base" on November 12, 2013 from Application No. 29/433,681, filed on October 3, 2012. A true and correct copy of the '160 Patent is attached hereto as Exhibit B. The '160 Patent describes an ornamental design of a table base as illustrated in the figures of the '160 Patent. (*See* Exhibit B).

22.     The United States Patent and Trademark Office ("USPTO") duly and legally issued the '251 Patent, entitled "Chandelier" on January 7, 2014 from Application No. 29/447,783, filed on March 6, 2013. A true and correct copy of the '251 Patent is attached hereto as Exhibit C. The '251 Patent describes an ornamental design of a chandelier as illustrated in the figures of the '251 Patent. (*See* Exhibit C).

23.     The United States Patent and Trademark Office ("USPTO") duly and legally issued the '458.1 Patent, entitled "Chandelier" on May 4, 2021 from Application No. 29/738,181, filed on June 15, 2020. A true and correct copy of the '458.1 Patent is attached hereto as Exhibit D. The '458.1 Patent describes an ornamental design of a light fixture as illustrated in the figures of the '458.1 Patent. (*See* Exhibit D).

24.     The United States Patent and Trademark Office ("USPTO") duly and legally issued the '458.2 Patent, entitled "Sconce" on September 24, 2013 from Application No. 29/456,567, filed on May 31, 2013. A true and correct copy of the '458.2 Patent is attached hereto as Exhibit E. The '458.2 Patent describes an ornamental design of a sconce as illustrated in the figures of the '458.2 Patent. (*See* Exhibit E).

25.     Hudson has not licensed or otherwise provided permission to Mumesan or any other entity to produce products imitating Hudson products or practicing the Patents-in-Suit for anyone other than Hudson.

26.    On information and belief, Mumesan was aware of the Patents-in-Suit at least as early as the time the parties entered into the Agreement in Exhibit A. Mumesan was further notified of the Patents-in-Suit in correspondence and communications with Hudson on September 29 through December 14, 2022.

27.    On September 29, 2022 Hudson prepared a written warning to Mumesan and memorialized this warning via a Notary Public within the Republic of Turkey.

28.    Hudson also contacted Mumesan and conducted two calls with representatives of Mumesan, the first call on December 6, 2022, and the second call on December 14, 2022. On these calls Mumesan's representative stated that they recognized the similarities between the unauthorized products and Hudson's designs.

29.    Hudson has obtained photographs of products certain products made, sold, or offered for sale by Mumesan to buyers other than Hudson. These pictured products are replicas or near replicas of Hudson's products, including the following:



(a)

9



(b)



(c)



(d)

30.     In postings showing certain of these photographs on its Instagram page, Mumesan directs viewers in English to "Please contact us via DM or e-mail to talip@mumesan.com for further information."

31.     Upon information and belief, Mumesan has also produced other replicas of Hudson products not advertised to the general public.

32.     Upon information and belief, Mumesan has sold these products into the United States and/or for importation into the United States.

33.     Despite repeated attempts at resolution, Mumesan has indicated that it will continue to sell the unauthorized products.

34.     Unless enjoined, Mumesan will continue to cause irreparable harm to Hudson and to consumers.

## FIRST CLAIM FOR RELIEF
### (Patent Infringement of Design Patent No. D693,160)

35.     The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 34, above as if fully set forth herein.

36.     On August 15, 2017, the U.S. Patent and Trademark Office duly and legally issued the '160 Patent, entitled TABLE BASE, from Application No. 29/433,681, filed on October 3, 2012. A true and correct copy of the '160 Patent is attached as Exhibit B. The claim of the '160 Patent covers the ornamental design of a table base. The claim of the '160 Patent carries a presumption of validity under 35 U.S.C. §282(a) and is enforceable.

37.     Plaintiff is the owner of the entire right, title and interest in the '160 Patent by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the '160 Patent.

38.    Defendant has directly infringed and continues to directly infringe the '160 Patent by making, using, selling, and offering for sale table bases embodying the invention defined by the claim of the '160 Patent, without authority or license from Plaintiff. More particularly, upon information and belief, Defendant has infringed and continues to infringe the '160 Patent because these products continue to be sold and offered for sale at the time of filing of this Complaint.

39.    Plaintiff has suffered injury, including irreparable injury, as a result of Defendant's infringement. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant from infringing the '160 Patent.

40.    By reason of Defendant's infringement, Plaintiff is suffering and will continue to suffer substantial damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Patent Infringement of Design Patent No. D697,251)

41.    The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 34, above as if fully set forth herein.

42.    On January 7, 2014, the U.S. Patent and Trademark Office duly and legally issued the '251 Patent, entitled CHANDELIER, from Application No. 29/447,783, filed on March 6, 2013. A true and correct copy of the '251 Patent is attached as Exhibit C. The claim of the '251 Patent covers the ornamental design of a chandelier. The claim of the '251 Patent carries a presumption of validity under 35 U.S.C. §282(a) and is enforceable.

43.    Plaintiff is the owner of the entire right, title and interest in the '251 Patent by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the '251 Patent.

44.    Defendant has directly infringed and continues to directly infringe the '251 Patent by making, using, selling, and offering for sale chandeliers embodying the invention defined by

the claim of the '251 Patent, without authority or license from Plaintiff. More particularly, upon information and belief, Defendant has infringed and continues to infringe the '251 Patent because these products continue to be sold and offered for sale at the time of filing of this Complaint.

45.    Plaintiff has suffered injury, including irreparable injury, as a result of Defendant's infringement. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant from infringing the '251 Patent.

46.    By reason of Defendant's infringement, Plaintiff is suffering and will continue to suffer substantial damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Patent Infringement of Design Patent No. D918,458)**

47.    The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 34, above as if fully set forth herein.

48.    On May 4, 2021, the U.S. Patent and Trademark Office duly and legally issued the '458.1 Patent, entitled CHANDELIER, from Application No. 29/738,181, filed on June 15, 2020. A true and correct copy of the '458.1 Patent is attached as Exhibit E. The claim of the '458.1 Patent covers the ornamental design of a chandelier. The claim of the '458.1 Patent carries a presumption of validity under 35 U.S.C. §282(a) and is enforceable.

49.    Plaintiff is the owner of the entire right, title and interest in the '458.1 Patent by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the '458.1 Patent.

50.    Defendant has directly infringed and continues to directly infringe the '458.1 Patent by making, using, selling, and offering for sale chandelier embodying the invention defined by the claim of the '458.1 Patent, without authority or license from Plaintiff. More particularly, upon

information and belief, Defendant has infringed and continues to infringe the '458.1 Patent because these products continue to be sold and offered for sale at the time of filing of this Complaint.

51.     Plaintiff has suffered injury, including irreparable injury, as a result of Defendant's infringement. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant from infringing the '458.1 Patent.

52.     By reason of Defendant's infringement, Plaintiff is suffering and will continue to suffer substantial damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Patent Infringement of Design Patent No. D690,458)

53.     The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 34, above as if fully set forth herein.

54.     On September 24, 2013, the U.S. Patent and Trademark Office duly and legally issued the '458.2 Patent, entitled CHANDELIER, from Application No. 29/738,181, filed on May 31, 2013. A true and correct copy of the '458.1 Patent is attached as Exhibit E. The claim of the '458.1 Patent covers the ornamental design of a chandelier. The claim of the '458.1 Patent carries a presumption of validity under 35 U.S.C. §282(a) and is enforceable.

55.     Plaintiff is the owner of the entire right, title and interest in the '458.1 Patent by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the '458.1 Patent.

56.     Defendant has directly infringed and continues to directly infringe the '458.1 Patent by making, using, selling, and offering for sale chandelier embodying the invention defined by the claim of the '458.1 Patent, without authority or license from Plaintiff. More particularly, upon information and belief, Defendant has infringed and continues to infringe the '458.1 Patent because these products continue to be sold and offered for sale at the time of filing of this Complaint.

57.     Plaintiff has suffered injury, including irreparable injury, as a result of Defendant's infringement. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant from infringing the '458.1 Patent.

58.     By reason of Defendant's infringement, Plaintiff is suffering and will continue to suffer substantial damages in an amount to be determined at trial

### FIFTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

59.     The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 34, above as if fully set forth herein.

60.     On August 20, 2015, Plaintiff and Defendant entered into a contract by which Plaintiff hired Defendant to manufacture and ship certain designs of Plaintiff. A true and correct copy of this contract is annexed hereto as Exhibit A.

61.     Plaintiff has duly performed all of its obligations and duties under the contract.

62.     Defendant has breached the contract by improperly making use of Plaintiff's designs by manufacturing counterfeit and infringing products, in violation of said contract.

63.     In the agreement, Defendant acknowledged "the worldwide right, title and interest to the Properties and intellectual property relating to the Authorized Products and components thereof are owned by HUDSON" and agreed Defendant "shall not do anything to impair HUDSON'S right, title and interest to such properties," including "[a]ll goodwill associated" thereto. Exhibit A, Section B(6).

64.     Defendant agreed to "not attack the legal or beneficial title of HUDSON to the Properties nor acquire or seek to acquire or claim any right, title or interest in or to the Properties and intellectual property relating to the Authorized Products." Exhibit A, Section B(6).

65.     Defendant "agree[d] that it will not harm, misuse or bring into disrepute the Properties or the name or goodwill of HUDSON and that it will not use the Authorized Products, the Properties or HUDSON'S name other than as expressly provided by this Agreement and shall not use any designation similar to the Properties or HUDSONS name for any purpose whatsoever." Exhibit A, Section B(6).

66.     Defendant also promised that it "will  not offer for sale, sell, give away, distribute or use for any purpose whatsoever any Authorized Products or components thereof." Exhibit A, Section B(6).

67.     On December 6, 2022, Plaintiff demanded that Defendant fulfill its obligations under the contract, but Defendant refused.

68.     As a result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined by the court, but no less than $1,000,000.

## SIXTH CLAIM FOR RELIEF
### (VIOLATION OF DECEPTIVE ACTS AND PRACTICES)
### (N.Y. GENERAL BUSINESS LAW §349)

69.     The Plaintiff realleged and incorporates by reference its allegations in Paragraphs 1 through 34, as if fully set forth herein.

70.     Through Defendant's unlawful, unauthorized, and unlicensed use of Plaintiff's characteristic designs in connection with the manufacture, supply, offering for sale, selling, and/or otherwise dealing with Defendant's products, Defendant has engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

71.     Defendant's aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the course of business,

trade or commerce. Such conduct has deceived and materially misleads, or has a tendency to mislead the consuming public and has injured, and will continue to injure Plaintiff in violation of N.Y. Gen. Bus. Law § 349.

72.     As a result of Defendant's actions alleged herein, Plaintiff has suffered, and will continue to suffer irreparable harm for which Plaintiff has no adequate remedy at law.

73.     Pursuant to N.Y. Gen. Bus. Law § 349, Plaintiff is entitled to enjoin Defendant's unlawful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants, granting Plaintiff the following relief:

1. The entry of judgment in favor of the Plaintiff on each and every cause of action;

2. Finding of infringement of each of the Patents-in-Suit;

3. Authorizing Plaintiff to seize, and/or directing Defendant to deliver for destruction, all goods, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing any unauthorized reproductions, copies, or colorable imitations of Plaintiff's products or designs confusingly similar thereto, either individually or in connection with other words, marks or designs;

4. The award of the requested equitable relief and/or damages in the amount of $5,000,000;

5. Awarding Plaintiff its costs and reasonable attorneys' and investigatory fees, expenses, costs, together with pre-judgment interest; and

6. Such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: August 1, 2023                          Respectfully submitted,

*/s/ Matthew G. Miller*

Matthew G. Miller
Hoda Rifai-Bashjawish
LERNER DAVID LLP
20 Commerce Drive
Cranford, NJ 07481
Telephone: (646) 603-6945
Facsimile: (844) 568-2881
Email: mmiller@lernerdavid.com
        hrifai-bashjawish@lernerdavid.com
        litigation@lernerdavid.com

*Attorneys for Plaintiff Hudson Furniture, Inc.*